IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cr-30057 |
| ) | |
| **ROBERT PORTER,** ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Robert Porter's amended Motion for Compassionate Release (d/e 36) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On January 5, 2018, Defendant pleaded guilty to one count of possession with intent to distribute heroin in violation of 18 U.S.C. §§ 841(a)(1) and (b)(1)(C).  On May 14, 2018, the undersigned District Judge sentenced Defendant to 100 months' imprisonment, which was substantially below the guidelines range of 188 to 235 months.  The Court also imposed a six-year term of supervised

release.  Defendant is currently serving his sentence at the Federal Prison Camp (FPC) Duluth, in Duluth, Minnesota.  Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed May 15, 2020).  Defendant's projected release date is September 13, 2024.  Id.

On May 7, 2020, Defendant filed a pro se motion for compassionate release (d/e 35) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On May 11, 2020, after appointment of the Office of the Federal Public Defender, Defendant filed a Memorandum of Law in Support of Compassionate Release (d/e 36), which the Court has construed as an Amended Motion for Compassionate Release.  See Text Order, May 14, 2020.  Defendant requests compassionate release due to his health issues and the COVID-19 pandemic.  Defendant is forty years old and suffers from asthma.

If released, Defendant proposes to live with his mother and his longtime girlfriend and her three children and one grandchild in Chicago, Illinois.  The United States Probation Office, in a Memorandum (d/e 40) addressing Defendant's request for compassionate release, concludes that Defendant's mother's house appears to be an acceptable living situation for Defendant.  Id. at 2.

Probation's Memorandum also notes that Defendant has no disciplinary record from his time in the custody of the Bureau of Prisons. Id. at 1. According to Probation's Memorandum, Defendant submitted a request for compassionate release to the warden of FPD Duluth, which the warden denied on April 14, 2020. Id.

On May 14, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 39). In the Response, the Government argued that Defendant's Motion should be denied because Defendant has failed to exhaust his administrative remedies and because Defendant does not fit the requirements for compassionate release. Resp. 2. The Government also notes that FPC Duluth has no confirmed staff or inmate cases of COVID-19. Resp. 14. The Government further details the procedures that BOP has implemented to curb the spread of the virus in its facilities. Resp. 3-12

On May 15, 2020, the Court held a video conference hearing on Defendant's Amended Motion for Compassionate Release. As of May 15, 2020, BOP reports no confirmed inmate or staff cases of COVID-19. See Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed May 15, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.  Further,

Defendant suffers from asthma, a condition that may increase the risks that COVID-19 presents for Defendant.  See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed May 15, 2020).

As of today, however, at FPC Duluth, the facility where Defendant is housed, there are no confirmed cases of COVID-19.  According to the Government, the BOP has implemented rigorous procedures designed to prevent the virus from spreading through its facilities.

While the Court acknowledges that the offense for which Defendant is presently incarcerated did not involve violence, Defendant has a prior conviction for attempted murder.  PSR ¶ 46, d/e 24.  Further, Defendant has served approximately one third of his sentence and he has more than four years remaining on his sentence.  Defendant is serving that sentence at a BOP facility that, for now, appears to be managing to prevent the introduction of COVID-19 into the facility.

Finally, Defendant is forty years old, and while he has been

diagnosed with asthma, according to Probation's Memorandum and the BOP medical records attached to Defendant's pro se motion, he is able to manage that condition with the use of an inhaler two or three times a month.  Mem. 1; Pro Se Mot. Compassionate Release 12.  The BOP medical records attached to Defendant's pro se motion also reveal that on at least one occasion, Defendant's blood pressure read as "a little high," but those same records do not reflect a formal diagnosis of high blood pressure.  Pro Se Mot. Compassionate Release 12.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Robert Porter's Amended Motion for Compassionate Release (d/e 36) and Defendant's pro se Motion for Compassionate Release (d/e 35) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if

circumstances change.

ENTER: May 15, 2020

                                            /s/ Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                            UNITED STATES DISTRICT JUDGE